IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JAY STUART DEVAUGHN, | § | |
| Petitioner, | § § § | |
| v. | § § | Civil Action No. 1:15-CV-050-P-BL |
| MYRON BATTS, Warden, | § § § § | |
| Respondent. | § | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. Petitioner Jay Stuart Devaughn, acting pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In that petition, he challenges the requirement that he serve a portion of his sentence in a halfway house or residential re-entry center. (doc. 1, at 5.) Although the Respondent initially filed a response, he has now filed a "Notice to Court of Petitioner's Release from Custody." (doc. 7, at 1, attached Exhibit.) That document shows that petitioner Devaughn was released from service of the last portion of his sentence in a residential re-entry center on December 9, 2015.

An action is rendered moon "when the court cannot grant the relief requested by the moving party." Salgado v. Federal Bureau of Prisons, 220 F.App'x 256, 2007 WL 627580, at *1 (5th Cir. Feb. 22, 2007) (citing Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987) (holding appeal from denial of § 2241 petition seeking release from confinement was moot after Petitioner's release)). As Petitioner challenged the imposition of a portion of his sentence in a residential re-entry center, and he has now completed that portion of his sentence and has been released from custody, the § 2241 petition is moot. *See Balleza-Escamilla v. United States*, 514 F.App'x 490,

2013 WL 657690, at *1 (5th Cir. Feb. 22, 2013) ("As Balleza-Esamilla has been released from Bureau of Prisons custody, we . . . dismiss the appeal as moot") (citing Calderon v. Moore, 518 U.S. 149, 150 (1996)).

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Civil Action No. 1:15-CV-050-P-BL be **DISMISSED** with prejudice as moot.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

**SO ORDERED.**

Dated January 14, 2016.

/s/ E. Scott Frost
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE